STATE OF HAWAI`I, Plaintiff-Appellee,
v.
VITHAGNA PHONGSAVATH, Defendant-Appellant.
No. 29310.
Intermediate Court of Appeals of Hawaii.
November 24, 2009.
On the briefs:
Jon N. Ikenaga, Deputy Public Defender, for Defendant-Appellant. Chief Judge.
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, City and County of Honolulu, Associate Judge, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, C.J., FUJISE and LEONARD, JJ.
Defendant-Appellant Vithagna Phongsavath (Phongsavath) appeals the Judgment entered on July 9, 2008, in the District Court of the First Circuit, `Ewa Division (district court).[1]
Phongsavath was convicted of Excessive Speeding, in violation of Hawaii Revised Statutes § 291C-105(a)(1) and (a)(2) (2007).
On appeal, Phongsavath contends (1) the district court abused its discretion by denying his motion to compel discovery, and (2) the district court erred in admitting the laser-gun reading without adequate foundation where the State failed to establish that (a) the laser-gun used by Officer Jeremy Franks (Officer Franks) had been tested according to the manufacturer's accepted procedures, and (b) Officer Franks was qualified by training and experience to operate the laser-gun.
The State contends that the motion to compel discovery was properly denied and that the testimony of Officer Franks on direct examination is sufficient to convict Phongsavath.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Phongsavath's points of error as follows:
In this case, the record is sufficient to review Phongsavath's point of error that the State failed to adduce sufficient evidence that the laser-gun was tested according to the manufacturer's recommended procedures in order to establish sufficient foundation for the laser-gun reading.
Officer Franks did not testify that the laser-gun was tested in accordance with the manufacturer's specifications. Therefore, the State failed to adduce sufficient evidence regarding the accuracy of the laser-gun, and the laser-gun reading should not have been admitted into evidence. State v. Assaye, 121 Hawai`i 204, 209-14, 216 P.3d 1227, 1232-38 (2009). Without evidence of the laser-gun reading, there is insufficient evidence to convict Phongsavath of Excessive Speeding. We need not address Phongsavath's other point of error.
Therefore,
IT IS HEREBY ORDERED THAT the July 9, 2008 Judgment of the District Court of the First Circuit, `Ewa Division, is reversed.
NOTES
[1] Per diem District Court Judge Paula Devens presided.